ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In 1995, Corey Parker was charged in the Jones County Circuit Court with armed robbery. In April 1995, Parker pleaded guilty, and was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC). In September 2010, Parker filed a motion in the circuit court to vacate and set aside his sentence. The circuit court properly treated the motion as one for post-conviction relief and summarily denied it on the grounds that it was time-barred and without merit. Aggrieved, Parker now appeals. Finding no error, we affirm.
 

 FACTS
 

 ¶2. On April 6, 1995, Parker pleaded guilty in the circuit court to armed robbery under Mississippi Code Annotated section 97-3-79 (Rev.2006). At the time of his arraignment, and now in his brief on appeal, Parker admitted to having robbed three fast-food restaurants with a deadly weapon. The circuit court subsequently sentenced him to twenty years in the custody of the MDOC, with the first ten years to be served without the possibility of parole or probation.
 

 ¶3. In September 2010, Parker filed a motion to vacate and set aside his sentence, claiming that his sentence is illegal. The circuit court determined that Parker’s motion was one for post-conviction relief (PCR). Because Parker filed the PCR motion outside of the applicable three-year statute of limitations, the circuit court summarily denied the motion as time-barred. Shortly thereafter, Parker filed this appeal.
 

 ¶ 4. Parker does not challenge the legality of his guilty plea of armed robbery under section 97-3-79. Instead, he requests post-conviction relief in the form of vacating or setting aside his allegedly illegal sentence. Parker ultimately asserts that the statutory language in section 97-3-79 is ambiguous. Specifically, he argues that the armed-robbery statute under which he was convicted impliedly references Mississippi Code Annotated section 97-3-75 (Rev.2006), as the proper vehicle to determine his punishment. Section 97-3-75 governs simple robbery, and it provides that the maximum sentence for simple robbery is fifteen years. Conversely, section 97-3-79 governs armed robbery and provides that the maximum sentence for armed robbery is life. Under Parker’s theory, his punishment for armed robbery should have been controlled by the statute for simple robbery, and his twenty-year sentence, therefore, exceeds the maximum sentence by five years. Finding no error, we affirm the circuit court’s judgment.
 

 DISCUSSION
 

 I. Statutory Bar
 

 ¶ 5. Mississippi Code Annotated section 99-39-5 (Supp.2010) governs motions for post-conviction relief. Although Parker’s assertion that he received an illegal sentence is a valid ground for requesting post-conviction relief under the statute, the statute further provides that a prisoner has three years within which to request post-conviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:
 

 That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States
 
 *87
 
 which would have actually adversely affected the outcome of [the petitioner’s] conviction or sentence or that [the petitioner] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Miss.Code Ann. § 99 — 39—5(2)(a)(I—ii).
 

 ¶ 6. Here, Parker pleaded guilty and was sentenced for the crime of armed robbery in April 1995, and he filed the motion to vacate his sentence in September 2010 — almost fifteen years later. Although Parker’s claim regarding an illegal sentence falls within the purview of PCR motions, he fails to make any allegations which would circumvent the three-year time bar. As such, we affirm the circuit court’s denial of Parker’s motion on the basis that it is statutorily prohibited. Nonetheless, we will address the merits of Parker’s allegation.
 

 II. Illegal Sentence
 

 ¶ 7. Parker admits that he committed armed robbery and that he pleaded guilty to armed robbery under Mississippi Code Annotated section 97-3-79. Section 97-3-79 is titled, “Robbery using deadly weapon; punishment,” and states:
 

 Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction,
 
 shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
 

 (Emphasis added). The statute clearly mandates that any person convicted of armed robbery under section 97-3-79 shall be sentenced to life by a jury, or if the jury does not hand down a sentence of life, then the trial court may direct a sentence for any term of three years or greater.
 

 ¶ 8. However, Parker fixates his argument upon the statutory wording that any person who commits the acts enunciated in section 97-3-79 “shall be guilty of robbery.”
 
 Id.
 
 In that vein, Parker references section 97-3-75, which is titled, “Robbery, punishment,” and states: “Every person convicted of robbery shall be punished by imprisonment in the penitentiary for a term not more than fifteen years.”
 

 ¶ 9. Although Parker correctly points out that section 97-3-79 uses language indicating that a person convicted under the statute is guilty of robbery, he neglects
 
 *88
 
 to acknowledge the language immediately thereafter which clarifies the punishment for a person convicted under section 97-3-79. In his brief, Parker admits that he knowingly pleaded guilty to armed robbery under section 97-3-79, not under section 97-3-75. However, Parker attempts to convolute the wording of section 97-3-79 in order to lessen the maximum sentence allotted for armed robbery. His argument fails.
 

 ¶ 10. The statute governing armed robbery, section 97-3-79, is explicitly clear in its provisions for those individuals convicted under it — the maximum sentence is life. Parker admits that he committed armed robbery. He admits that his crime is addressed under section 97-3-79. He admits that he entered a valid guilty plea for armed robbery under section 97-3-79. As such, he cannot now argue that the sentencing parameters contained in section 97-3-79 are inapplicable to him. The circuit court properly adhered to section 97-3-79 in Parker’s sentencing. This issue is without merit.
 

 ¶11. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.